Craig R. Tractenberg, Esq.
Leah Threatte Bojnowski, Esq. *(pro hac vice)*
**NIXON PEABODY LLP**
437 Madison Avenue
New York, NY  10022-7039
Telephone:  (212) 940-3722

Samuel Goldblatt, Esq. *(pro hac vice)*
W. Scott O'Connell, Esq. *(pro hac vice)*
**NIXON PEABODY LLP**
100 Summer Street
Boston, MA 02110
Telephone:  (617) 345-1131

*Attorneys for Defendants Cummins Inc. and*
*Cummins Emission Solutions, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| T.J. McDERMOTT TRANSPORTATION CO., INC., DEMASE WAREHOUSE SYSTEMS, INC., HEAVY WEIGHT ENTERPRISES, INC., P&P ENTERPRISES CO., LLC, YOUNG'S AUTO TRANSPORT, INC., HARDWICK ALLEN, AND JOSE VEGA,<br><br>          Plaintiffs,<br><br>vs.<br><br>CUMMINS, INC., CUMMINS EMISSION SOLUTIONS, INC., and PACCAR, INC. d/b/a PETERBILT MOTOR COMPANY AND KENWORTH TRUCK COMPANY,<br><br>          Defendants. | Civil Action No.<br>2:14-cv-04209 (WHW) (CLW)<br><br>**ANSWER AND DEFENSES OF CUMMINS INC. TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Defendant Cummins Inc. ("Cummins") by and through its attorneys, hereby

answer Plaintiffs T. J. McDermott Transportation Co., Inc. ("McDermott"), DeMase

Warehouse Systems, Inc. ("DeMase"), Heavy Weight Enterprises, Inc. ("Heavy

Weight Enterprises"), P&P Enterprises Co., LLC ("P&P"), Young's Auto Transport, Inc. ("Young's Transport"), Hardwick Allen ("Allen"), and Jose Vega's ("Vega") (collectively, "Plaintiffs") Second Amended Complaint and Demand for Jury Trial ("Second Amended Complaint"), based upon the information currently available to it, and asserts its defenses below.  Cummins denies all allegations in the Second Amended Complaint except as otherwise stated below.  In responding to the Second Amended Complaint, Cummins neither admits that it bears the burden of proving any of the defenses set forth below, nor admits the relevance of any of Plaintiffs' allegations.

1.      Cummins lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 1, and on that basis denies them.

2.      Cummins lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 2, and on that basis denies them.

3.      Cummins lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 3, and on that basis denies them.

4.      Cummins lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 4, and on that basis denies them.

5.      Cummins lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 5, and on that basis denies them.

6.      Cummins lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 6, and on that basis denies them.

7.      Cummins lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 7, and on that basis denies them.

8.      Cummins admits the allegations contained in Paragraph 8.

9.      Cummins admits the allegations contained in Paragraph 9.

10.     Cummins lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 10, and on that basis denies them.

11.     The allegations contained in Paragraph 11 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

12.     The allegations contained in Paragraph 12 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

13.     The allegations contained in Paragraph 13 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

14.     Cummins denies the allegations contained in Paragraph 14.  Cummins further states that PACCAR is a customer of Cummins.

15.     Cummins denies the allegations contained in Paragraph 15.  Cummins further states that it developed, designed, manufactured, marketed, assembled and sold heavy duty engines compliant with regulations on the Control of Emissions from New and In-Use Highway Vehicles and Engines promulgated by the U.S. Environmental Protection Agency pursuant to the Clean Air Act, some of which engines were supplied to Peterbilt and Kenworth, with input from those aforementioned customers.

16.     Cummins admits the allegations contained in Paragraph 16.

17.     Cummins denies the allegations contained in Paragraph 17, except admits that the 2010 ISX15 engine features an engine exhaust Aftertreatment System and an electronic on-board diagnostic system.

18.     Cummins denies the allegations contained in Paragraph 18.

19.     Cummins denies the allegations contained in Paragraph 19 except admits that the 2010 ISX15 engine includes an on-board diagnostic system that monitors and regulates engine performance, and other components, as well as information regarding the safety, emissions and performance functions of the vehicle in which it is

installed, storing fault codes and data regarding engine performance or necessary repair.

20.     Cummins denies the allegations contained in Paragraph 20 except admits that the 2010 ISX15 engine is designed such that an in-cab engine warning lamp illuminates to alert the driver that the engine or vehicle requires attention.  Some issues causing the illumination of the warning lamp will be followed by another warning lamp if disregarded, and some, as mandated by federal regulation, are accompanied by a de-rating of the engine, and then a third warning lamp, accompanied by an additional de-rate of the engine and, if still ignored, the diagnostic system may cause the Engine to shut down completely.

21.     Cummins denies the allegations contained in Paragraph 21.

22.     Cummins denies the allegations contained in Paragraph 22.

23.     Cummins denies the allegations contained in Paragraph 23.

24.     Cummins denies the allegations contained in Paragraph 24.

25.     Cummins denies the allegations contained in Paragraph 25.

26.     To the extent that Paragraph 26 purports to describe the terms of the Cummins Limited Warranty, the document speaks for itself.  Cummins denies each and every remaining allegation contained in Paragraph 26.

27.     Cummins denies the allegations contained in Paragraph 27.

28.     Cummins denies the allegations contained in Paragraph 28.

29.     To the extent that Paragraph 29 purports to describe technical service bulletins issued by Cummins between 2011 and 2014, these documents speak for themselves.  Cummins denies each and every remaining allegation contained in Paragraph 29.

30.     Cummins denies the allegations contained in Paragraph 30.

31.     Cummins denies the allegations contained in Paragraph 31.

32.     Cummins denies the allegations contained in Paragraph 32.

33.     Cummins denies the allegations contained in Paragraph 33.

34.     Cummins denies the allegations contained in Paragraph 34.

35.     Cummins denies the allegations contained in Paragraph 35 to the extent they are directed at Cummins.

36.     Cummins lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 36, and on that basis denies them.

37.     Cummins lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 37, and on that basis denies them.

38.     Cummins lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 38, and on that basis denies them.

39.     Cummins lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 39, and on that basis denies them.

40.     Cummins lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 40, and on that basis denies them.

41.     Cummins lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 41, and on that basis denies them.

42.     Cummins lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 42, and on that basis denies them.

43.     Cummins lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 43, and on that basis denies them.

44.     Cummins lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 44, and on that basis denies them.

45.     Cummins lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 45, and on that basis denies them.

46.     Cummins lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 46, and on that basis denies them

47.     Cummins denies the allegations contained in Paragraph 47 of the Complaint.

48.     Cummins denies the allegations contained in Paragraph 48 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning any description of beliefs held by Plaintiffs, and on that basis denies them.

49.     The allegations contained in Paragraph 49 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

50.     The allegations contained in Paragraph 50 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

51.     The allegations contained in Paragraph 51 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

52.     The allegations contained in Paragraph 52 state legal conclusions to which no response is required.  To the extent a response is required, the allegations

are denied.  Cummins further states that it did sell thousands of ISX15 engines, each of which contained an Aftertreatment System.

53.     The allegations contained in Paragraph 53 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

54.     Cummins denies the allegations contained in Paragraph 54 of the Complaint except states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning what induced the Plaintiffs and the proposed Class and Sub-Class Members to purchase the Subject Vehicles, and on that basis denies them.

55.     Cummins denies the allegations contained in Paragraph 55 of the Complaint except states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning the likelihood of Plaintiffs' decisions to purchase the Subject Vehicles, and on that basis denies them.

56.     The allegations contained in Paragraph 56 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

57.     The allegations contained in Paragraph 57 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

58.     Cummins denies the allegations contained in Paragraph 55 of the Complaint except states that varying Limited Warranties were offered with purchase of the 2010 ISX engines.

59.     Cummins denies the allegations contained in Paragraph 59 of the Complaint.

60.     The allegations contained in Paragraph 60 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

61.     The allegations contained in Paragraph 60 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

62.     Cummins incorporates by reference its responses to Paragraphs 1 through 61 as if set forth fully herein.

63.     The allegations contained in Paragraph 63 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

64.     The allegations contained in Paragraph 64 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

65.     The allegations contained in Paragraph 65 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

66.     Cummins lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 66, and on that basis denies them.

67.     Cummins lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 67, and on that basis denies them.

68.     Cummins lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 68, in part because it is unintelligible illegible, and on that basis denies them.

69.     Cummins denies the allegations contained in Paragraph 69 of the Complaint, except states that Cummins developed, designed, engineered, manufactured, assembled, marketed and sold the Cummins ISX15 engines that included an engine exhaust Aftertreatment System and electronic on-board diagnostic system.

70.     Cummins denies the allegations contained in Paragraph 70 of the Complaint.

71.     The allegations contained in Paragraph 71 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

72.     Cummins incorporates by reference its responses to Paragraphs 1 through 71 as if set forth fully herein.

73.     The allegations contained in Paragraph 73 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

74.     To the extent Paragraph 74 purports to characterize the contents of the Plaintiffs' Limited Warranties, the documents speak for themselves and no response is required.

75.     To the extent Paragraph 75 purports to characterize the contents of the Plaintiffs' Limited Warranties, the documents speak for themselves and no response is required.

76.     To the extent Paragraph 76 purports to characterize the contents of the Plaintiffs' Limited Warranties, the documents speak for themselves and no response is required.

77.     To the extent Paragraph 77 purports to characterize the contents of the Plaintiffs' Limited Warranties, the documents speak for themselves and no response is required.

78.     The allegations contained in Paragraph 78 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

79.     The allegations contained in Paragraph 79 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

80.     The allegations contained in Paragraph 80 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

81.     The allegations contained in Paragraph 81 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

82.     The allegations contained in Paragraph 82 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

83.     The allegations contained in Paragraph 83 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Cummins further states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning Plaintiffs McDermott and DeMase's and the proposed New Jersey Class's use of the Subject Vehicles, and on that basis denies them.

84.     The allegations contained in Paragraph 84 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

85.     The allegations contained in Paragraph 85 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

86.     The allegations contained in Paragraph 86 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

87.     Cummins incorporates by reference its responses to Paragraphs 1 through 86 as if set forth fully herein.

88.     The allegations contained in Paragraph 88 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

89.     To the extent Paragraph 89 purports to characterize the contents of the Limited Warranties, the documents speak for themselves and no response is required.

90.     To the extent Paragraph 90 purports to characterize the contents of the Limited Warranties, the documents speak for themselves and no response is required.

91.     To the extent Paragraph 91 purports to characterize the contents of the Limited Warranties, the documents speak for themselves and no response is required.

92.     To the extent Paragraph 92 purports to characterize the contents of the Limited Warranties, the documents speak for themselves and no response is required.

93.     The allegations contained in Paragraph 93 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

94.     The allegations contained in Paragraph 94 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

95.     The allegations contained in Paragraph 95 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

96.     The allegations contained in Paragraph 96 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

97.     The allegations contained in Paragraph 97 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Cummins further states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning Plaintiff Vega's and the proposed California Class's use of the Subject Vehicles, and on that basis denies them.

98.     The allegations contained in Paragraph 98 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

99.     The allegations contained in Paragraph 99 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

100.    The allegations contained in Paragraph 100 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

101.    Cummins incorporates by reference its responses to Paragraphs 1 through 100 as if set forth fully herein.

102.    The allegations contained in Paragraph 102 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

103.    The allegations contained in Paragraph 103 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

104.    The allegations contained in Paragraph 104 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

105.    The allegations contained in Paragraph 105 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

106.    The allegations contained in Paragraph 106 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

107.    The allegations contained in Paragraph 107 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

108.    The allegations contained in Paragraph 108 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

109.    The allegations contained in Paragraph 109 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

110.    Cummins incorporates by reference its responses to Paragraphs 1 through 109 as if set forth fully herein.

111.    The allegations contained in Paragraph 111 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

112.    To the extent Paragraph 112 purports to characterize the contents of the Limited Warranties, the documents speak for themselves and no response is required.

113.    To the extent Paragraph 113 purports to characterize the contents of the Limited Warranties, the documents speak for themselves and no response is required.

114.    To the extent Paragraph 114 purports to characterize the contents of the Limited Warranties, the documents speak for themselves and no response is required.

115.    To the extent Paragraph 115 purports to characterize the contents of the Limited Warranties, the documents speak for themselves and no response is required

116.    The allegations contained in Paragraph 116 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

117.    The allegations contained in Paragraph 117 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

118.    The allegations contained in Paragraph 118 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

119.    The allegations contained in Paragraph 119 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

120.    The allegations contained in Paragraph 120 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

121.    The allegations contained in Paragraph 121 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Cummins further states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning Plaintiff Young's Transport's and the members of the proposed Florida Class's use of the Subject Vehicles, and on that basis denies them.

122.    The allegations contained in Paragraph 122 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

123.    The allegations contained in Paragraph 123 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

124.    The allegations contained in Paragraph 124 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

125.    Cummins incorporates by reference its responses to Paragraphs 1 through 124 as if set forth fully herein.

126.    The allegations contained in Paragraph 126 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

127.    The allegations contained in Paragraph 127 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

128.    The allegations contained in Paragraph 128 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

129.    The allegations contained in Paragraph 129 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied

130.    The allegations contained in Paragraph 130 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied

131.    The allegations contained in Paragraph 131 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Cummins further states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning Plaintiff Young's Transport's and the members of the proposed Florida Class's respective decisions to purchase the Subject Vehicles or Engines.

132.    The allegations contained in Paragraph 132 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

133.    Cummins incorporates by reference its responses to Paragraphs 1 through 132 as if set forth fully herein.

134.    The allegations contained in Paragraph 134 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

135.    To the extent Paragraph 135 purports to characterize the contents of the Limited Warranties, the documents speak for themselves and no response is required.

136.    To the extent Paragraph 136 purports to characterize the contents of the Limited Warranties, the documents speak for themselves and no response is required.

137.    To the extent Paragraph 137 purports to characterize the contents of the Limited Warranties, the documents speak for themselves and no response is required.

138.    To the extent Paragraph 138 purports to characterize the contents of the Limited Warranties, the documents speak for themselves and no response is required

139.    The allegations contained in Paragraph 139 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

140.    The allegations contained in Paragraph 140 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

141.    The allegations contained in Paragraph 141 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

142.    The allegations contained in Paragraph 142 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

143.    The allegations contained in Paragraph 143 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

144.    The allegations contained in Paragraph 144 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Cummins further states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning Plaintiff Allen's and the members of the proposed Georgia Class's use of the Subject Vehicles, and on that basis denies them.

145.    The allegations contained in Paragraph 145 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

146.    The allegations contained in Paragraph 146 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

147.    The allegations contained in Paragraph 147 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

148.    Cummins incorporates by reference its responses to Paragraphs 1 through 147 as if set forth fully herein.

149.    The allegations contained in Paragraph 149 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

150.    To the extent Paragraph 150 purports to characterize the contents of the Limited Warranties, the documents speak for themselves and no response is required.

151.    To the extent Paragraph 151 purports to characterize the contents of the Limited Warranties, the documents speak for themselves and no response is required.

152.    To the extent Paragraph 152 purports to characterize the contents of the Limited Warranties, the documents speak for themselves and no response is required.

153.    To the extent Paragraph 153 purports to characterize the contents of the Limited Warranties, the documents speak for themselves and no response is required

154.    The allegations contained in Paragraph 154 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

155.    The allegations contained in Paragraph 155 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

156.    The allegations contained in Paragraph 156 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

157.    The allegations contained in Paragraph 157 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

158.    The allegations contained in Paragraph 158 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

159.    The allegations contained in Paragraph 159 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Cummins further states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning Plaintiff Heavy Weight Enterprises' and the members of the proposed Michigan Class's use of the Subject Vehicles, and on that basis denies them.

160.    The allegations contained in Paragraph 160 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

161.    The allegations contained in Paragraph 161 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

162.    The allegations contained in Paragraph 162 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

163.    Cummins incorporates by reference its responses to Paragraphs 1 through 162 as if set forth fully herein.

164.    The allegations contained in Paragraph 164 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

165.    To the extent Paragraph 165 purports to characterize the contents of the Limited Warranties, the documents speak for themselves and no response is required.

166.    To the extent Paragraph 166 purports to characterize the contents of the Limited Warranties, the documents speak for themselves and no response is required.

167.    To the extent Paragraph 167 purports to characterize the contents of the Limited Warranties, the documents speak for themselves and no response is required.

168.    To the extent Paragraph 168 purports to characterize the contents of the Limited Warranties, the documents speak for themselves and no response is required

169.    The allegations contained in Paragraph 169 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

170.    The allegations contained in Paragraph 170 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

171.    The allegations contained in Paragraph 171 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

172.    The allegations contained in Paragraph 172 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

173.    The allegations contained in Paragraph 173 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

174.    The allegations contained in Paragraph 174 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Cummins further states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning Plaintiff P&P's and

the members of the proposed Connecticut Class's use of the Subject Vehicles, and on that basis denies them.

175.   The allegations contained in Paragraph 175 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

176.   The allegations contained in Paragraph 176 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

177.   The allegations contained in Paragraph 177 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

## PRAYER FOR RELIEF

Answering the Prayer for Relief contained in the Second Amended Complaint, to the extent a response is required, Cummins denies each and every allegation contained therein.  Cummins further denies that Plaintiffs and the members of the proposed Classes and Sub-Classes are entitled to any form of relief whatsoever, and specifically denies that Plaintiffs and the proposed Class and Sub-Class members are entitled to each separate form of relief requested.

## JURY DEMAND

To the extent a response is required to the putative jury demand contained in the Second Amended Complaint, Cummins denies that all of the claims and prayers

for relief asserted therein carry a right to jury trial, and on that basis deny Plaintiffs' and the Class and Sub-Class Members' demand for a jury as to all claims in this matter.

Cummins does not waive any defenses and reserves the right to amend its Answer and defenses as necessary once the precise nature of the relevant circumstances or events is determined through discovery.

## DEFENSES

### First Defense

This action is barred, in whole or in part, because Plaintiffs and/or members of the proposed classes and sub-classes ("the proposed classes") fail, in whole or in part, to state a claim upon which relief can be granted.

### Second Defense

This action is barred, in whole or in part, because Cummins did not make any untrue statements, misrepresentations or material omissions or statements that were likely to mislead Plaintiffs and/or members of the proposed classes.

### Third Defense

This action is barred, in whole or in part, because this action may not properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

## Fourth Defense

This action is barred, in whole or in part, because Cummins believed, at the time any statements alleged in the Complaint were made, if any, that such statements were true and complete, and/or unlikely to mislead.

## Fifth Defense

This action is barred, in whole or in part, because at all relevant times the claimed misrepresentations or omissions allegedly made by Cummins, if any, were immaterial as a matter of law.

## Sixth Defense

This action is barred, in whole or in part, because there was no duty to disclose the allegedly omitted information, if any, and Cummins complied faithfully with, and did not breach, any duty to which it was subject.

## Seventh Defense

This action is barred, in whole or in part, because Cummins at all times acted in good faith and without scienter, intent or knowledge of any alleged wrongdoing.

## Eighth Defense

This action is barred, in whole or in part, to the extent that neither Plaintiffs nor members of the proposed classes relied upon any alleged misstatements or omissions by Cummins.

## Ninth Defense

This action is barred, in whole or in part, to the extent Plaintiffs' and/or members of the proposed classes' alleged damages result from causes other than any alleged untrue statement, misrepresentations or omissions made by Cummins.

## Tenth Defense

The claims of Plaintiffs and/or members of the proposed classes under the New Jersey Consumer Fraud Act, California Unfair Competition Law, and Florida Unfair and Deceptive Trade Practices Act may be barred, in whole or in part, by the "safe harbor" provisions of those statutes and/or judicially-created "safe harbor" provisions.

## Eleventh Defense

This action is barred in whole or in part because Plaintiffs and/or members of the proposed classes have failed to mitigate damages, if any, resulting from Cummins' conduct.

## Twelfth Defense

This action is barred, in whole or in part, because the Complaint fails to plead fraud or its predicate acts with sufficient particularity.

## Thirteenth Defense

This action is barred, in whole or in part, because Plaintiffs and/or members of the proposed classes have not suffered any injury or damage and otherwise lack standing to recover on some or all of their claims.

### Fourteenth Defense

This action is barred, in whole or in part to the extent that Plaintiffs and/or members of the proposed classes engaged in unlawful, inequitable or improper conduct.

### Fifteenth Defense

This action is barred, in whole or in part, by the economic loss doctrine.

### Sixteenth Defense

This action is barred, in whole or in part, to the extent that there is no legal injury, including no injury to Plaintiffs and/or members of the proposed classes, who used their ISX15 engines and did not experience any problems.

### Seventeenth Defense

This action is barred, in whole or in part, to the extent that Plaintiffs and/or members of the proposed classes sold their vehicle to a third party and received full compensation for their vehicle as a result of that sale.

### Eighteenth Defense

This action is barred, in whole or in part, to the extent that Plaintiffs, members of the proposed classes and/or third parties damaged, changed or otherwise altered the ISX15 engines and/or vehicles containing them after purchase.

### Nineteenth Defense

This action is barred, in whole or in part, to the extent that Plaintiffs and/or members of the proposed classes failed to use, operate and/or maintain the ISX15

engines and/or vehicles containing them s properly and/or used the product for an improper purpose.

### Twentieth Defense

This action is barred, in whole or in part, to the extent that Plaintiffs and/or members of the proposed classes failed to properly maintain and repair their vehicles.

### Twenty First Defense

This action is barred, in whole or in part, to the extent that Cummins' conduct was not the proximate cause of any alleged injuries and/or damages incurred by Plaintiffs and/or members of the proposed classes.

### Twenty Second Defense

This action is barred, in whole or in part, to the extent that the damages alleged by Plaintiffs and/or members of the proposed classes were proximately caused by persons and entities – individual, corporate, governmental or otherwise – other than Cummins.

### Twenty Third Defense

This action is barred, in whole or in part, to the extent that persons – individual, corporate or otherwise – other than Cummins have marketed, distributed or sold some or all of the engines at issue in Plaintiffs' Second Amended Complaint.

### Twenty Fourth Defense

This action is barred, in whole or in part, to the extent Plaintiffs and/or members of the proposed classes are not in privity with Cummins.

## Twenty Fifth Defense

This action is barred, in whole or in part, to the extent Plaintiffs and/or members of the proposed classes, whether negligent and/or careless or otherwise, proximately caused the damages alleged in Plaintiffs' Second Amended Complaint.

## Twenty Sixth Defense

This action is barred, in whole or in part, because the ISX15 engines complied with all required federal and state standards and regulations at the time of manufacture.

## Twenty Seventh Defense

This action is barred, in whole or in part, because the ISX15 engines complied with all required federal and state standards and regulations at the time of distribution and sale.

## Twenty Eighth Defense

Any claims for damages or other monetary recovery by Plaintiffs and/or members of the proposed classes must be offset and reduced by the value received from the vehicles purchased and/or leased.

## Twenty Ninth Defense

This action is barred, in whole or in part, under the applicable statute of limitations, statute of repose and/or by the doctrines of waiver and/or laches.

## Thirtieth Defense

This action is barred, in whole or in part, because Plaintiffs and/or members of the proposed classes have made statements or taken actions (or failed to take actions) that estop them from asserting their claims.

### Thirty First Defense

This action is barred, in whole or in part, because Plaintiffs and/or members of the proposed classes may not seek equitable relief because they have an adequate remedy at law.

### Thirty Second Defense

This action is barred, in whole or in part, if Plaintiffs and/or members of the proposed classes have brought actions and/or have received compensation, judgments or awards on some or all claims asserted herein in this or other tribunals.

### Thirty Third Defense

This action is barred, in whole or in part, by the doctrine of accord and satisfaction.

### Thirty Fourth Defense

This action is barred, in whole or in part, to the extent Plaintiffs and/or members of the proposed classes have released any claims and/or to the extent that they have received refunds or other compensation for the engines they purchased.

34

### Thirty Fifth Defense

This action is barred, in whole or in part, by the terms of any applicable limited warranties and because none of the applicable limited warranties have failed of their essential purpose.

### Thirty Sixth Defense

This action is barred, in whole or in part, to the extent that Plaintiffs and their counsel have failed to join as parties to this action all persons and entities that would be necessary parties for adjudication of Plaintiffs' claims as well as the claims of members of the proposed classes.

### Thirty Seventh Defense

This action is not appropriate for class treatment because Plaintiffs' claims necessarily revolve around the individual maintenance and usage practices and habits of each individual Plaintiff and each member of the proposed classes.

### Thirty Eighth Defense

Plaintiffs' action is not properly maintained as a class action, because the requirements for class certification under federal law are not met and because certification of the proposed classes would result in a denial of due process to Cummins as well as to members of the proposed classes.

35

## Thirty Ninth Defense

This action is barred and otherwise preempted, in whole or in part, to the extent that it arises from compliance and/or efforts to comply with applicable federal or state laws or regulations.

## Fortieth Defense

Cummins hereby adopts by reference any applicable defense pleaded by any other defendants not expressly set forth herein.

**WHEREFORE**, Cummins respectfully requests that Plaintiffs and the proposed Class and Sub-Class members take nothing by reason of their Second Amended Complaint and that judgment be entered in Cummins' favor dismissing the Second Amended Complaint with prejudice, awarding Cummins its reasonable attorneys' fees and costs, and granting such other relief as the Court deems proper and just.

Dated:     February 5, 2016
           New York, New York

                    Respectfully submitted,

                    By: /s/ Craig R. Tractenberg
                         Craig R. Tractenberg, Esq.

                    Leah Threatte Bojnowski, Esq. *(pro hac vice)*
                    **NIXON PEABODY LLP**
                    437 Madison Avenue
                    New York, New York 10022
                    Telephone:  (212) 940-3722
                    ctractenberg@nixonpeabody.com
                    lbojnowski@nixonpeabody.com

36

Samuel Goldblatt, Esq. *(pro hac vice)*
W. Scott O'Connell, Esq. *(pro hac vice)*
**NIXON PEABODY LLP**
100 Summer Street
Boston, MA 02110
Telephone:  (617) 345-1131
sgoldblatt@nixonpeabody.com
soconnell@nixonpeabody.com

*Counsel for Defendant Cummins Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 5, 2016, I caused to be electronically filed and served the Answer and Defenses of Cummins Inc. to Plaintiffs' Second Amended Complaint and this Certificate of Service on counsel for all parties and the Clerk of the Court via electronic filing.

Dated: February 5, 2016        By: <u>/s/ Craig R. Tractenberg</u>

                                    Craig R. Tractenberg