Kurt M. Mullen, Esq.
Samuel Goldblatt, Esq. *(pro hac vice)*
W. Scott O'Connell, Esq. *(pro hac vice)*
**NIXON PEABODY LLP**
100 Summer Street
Boston, MA 02110
Telephone: (617) 345-1131

Leah Threatte Bojnowski, Esq. *(pro hac vice)*
**NIXON PEABODY LLP**
437 Madison Avenue
New York, NY 10022-7039
Telephone: (212) 940-3722

*Attorneys for Defendant Cummins Inc.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| T.J. McDERMOTT TRANSPORTATION CO., INC., DEMASE WAREHOUSE SYSTEMS, INC., HEAVY WEIGHT ENTERPRISES, INC., P&P ENTERPRISES CO., LLC, YOUNG'S AUTO TRANSPORT, INC., HARDWICK ALLEN, AND JOSE VEGA,<br><br>                Plaintiffs,<br><br>vs.<br><br>CUMMINS, INC., and PACCAR, INC. d/b/a PETERBILT MOTOR COMPANY AND KENWORTH TRUCK COMPANY,<br><br>                Defendants. | Civil Action No.<br>2:14-cv-04209 (WHW) (CLW)<br><br>**BRIEF IN SUPPORT OF CUMMINS INC.'S MOTION TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f)**<br><br>**Return Date: November 7, 2016**<br>**Oral Argument Requested** |


## TABLE OF CONTENTS

| | Page |
|---|---|
| RELEVANT FACTS | 1 |
| LEGAL STANDARD | 3 |
| ARGUMENT | 4 |
| CONCLUSION | 7 |

## **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Bristol-Myers Squibb Co. v. IVAX Corp.*,
   77 F. Supp. 2d 606 (D.N.J. 2000) ..................................................................................4

*Burke v. Weight Watchers Int'l, Inc.*,
   983 F. Supp. 2d 478 (D.N.J. 2013) ..................................................................................4

*Coventry v. U.S. Steel Corp.*,
   856 F.2d 514 (3d Cir. 1988)............................................................................................5

*Cureton v. Nat'l Collegiate Athletic Ass'n*,
   252 F.3d 267 (3d Cir. 2001)............................................................................................6

*Dean v. United States*,
   2010 U.S. Dist. LEXIS 29576 (D.N.J. 2010) ..................................................................4

*Giles v. Phelan, Hallinan & Schmieg, L.L.P.*,
   901 F. Supp. 2d 509 (D.N.J. 2012) ..................................................................................3

*Grayson v. Mayview State Hosp.*,
   293 F.3d 103 (3d Cir. 2002)............................................................................................6

*Grimes v. Corr. Med. Servs.*,
   No. 08-567, 2011 U.S. Dist. LEXIS 109666 (D.N.J. Sept. 26, 2011) .............................6

*Nguyen v. Quick Check, Store No. 129*,
   No. 12-CV-3300, 2013 U.S. Dist. LEXIS 176067 (D.N.J. Dec. 16, 2013) .....................5

*Piserchia v. Bergen Cty. Police Dep't*,
   No. 12-2520, 2016 U.S. Dist. LEXIS 111382 (D.N.J. Aug. 22, 2016) ...........................7

*Wiseberg v. Toyota Motor Corp.*,
   No. 11-3776, 2012 U.S. Dist. LEXIS 45849 (D.N.J. March 30, 2012) ...........................4

**RULES**

Fed. R. Civ. P. 12(f)....................................................................................................1, 3, 4

Fed. R. Civ. P. 15.................................................................................................................5

Pursuant to Fed. R. Civ. P. 12(f), Cummins Inc. ("Cummins"), by and through its undersigned counsel, asks this Court to strike paragraph 15 of the Third Amended Complaint, specifically the words "and later model years" from the definition of "Subject Engines." This language must be stricken because (i) it includes a revised definition of "Subject Engines" that falls outside of the scope of the Court's June 7, 2016 order providing limited leave to amend the complaint; (ii) the vague and confusing definition fails to place Cummins on adequate notice of the specific model of ISX15 engines that are the subject of the plaintiffs' claims; and (iii) an expanded definition of "Subject Engines" at this juncture, more than two years into this litigation, is highly prejudicial to Cummins.

## RELEVANT FACTS

This putative class action is brought by T. J. McDermott Transportation Co., Inc., DeMase Warehouse Systems, Inc., Heavy Weight Enterprises, Inc., P&P Enterprises Co., LLC, Young's Auto Transport, Inc., Hardwick Allen, and Jose Vega (collectively, "Plaintiffs"). Plaintiffs allege that they purchased Kenworth or Peterbilt heavy-duty trucks manufactured by defendant PACCAR, Inc. ("PACCAR") equipped with Cummins ISX15 diesel engines, specifically, the Cummins ISX15 engines that were manufactured to comply with the Environmental Protection Agency's ("EPA") 2010 Heavy Duty On Highway Emissions Standard ("the 2010 Standard"). Plaintiffs seek to represent members of classes and sub-classes under the laws of various states based on claims for breach of express warranty and various states' consumer fraud laws.

Plaintiffs have filed numerous complaints since the inception of this matter. The original Complaint was filed on July 2, 2014 (Dkt. #1); the Amended Complaint was filed on September 2, 2014 (Dkt. #17); the Second Amended Complaint was filed on January 8, 2016 (Dkt. #72); and finally, the Third Amended Complaint was recently filed on September 6, 2016 (Dkt. #104).

Up until the Third Amended Complaint's filing, Plaintiffs' allegations have consistently focused on the ISX15 engines designed to comply with the 2010 EPA Standard, which encompasses certain ISX15 engines sold by Cummins between 2009 and 2012.

Shortly after Plaintiffs filed the Second Amended Complaint, PACCAR filed a Partial Motion to Dismiss (Dkt. # 77). The Court granted PACCAR's motion in part and issued the following order allowing Plaintiffs limited leave to amend the complaint:

> Plaintiff Young's Transport's **claim under the FDUTPA**, brought in Count Six, is dismissed without Prejudice. Plaintiffs are granted leave to amend their complaint **to specify the location of the activity alleged** in that Count within 90 days of the date of this order;

Order, U.S. District Court for District of New Jersey, Civ. No. 14-cv-4209, June 7, 2016 (Walls, J.) (Dkt. #97) (hereinafter, the "Order") (emphasis added). The Order provides that Plaintiffs would only be allowed to amend their complaint to provide more details related to the "location of the activit[ies]" that support one Plaintiff's claim under the Florida Unfair and Deceptive Trade Practices Act claim. Plaintiffs have not sought any additional leave from the Court to further amend the complaint.

In crafting the Third Amended Complaint, Plaintiffs took many liberties beyond the scope of the Court's order. To avoid undue motion practice, Cummins initially decided to leave these edits unchallenged and simply file a Third Answer.[1] However, careful examination of

---

[1] Several arguably minor revisions beyond the scope of the Court's Order include the removal of allegations against released defendant Cummins Emission Solutions, and revisions to language regarding the citizenship of some of the Named Plaintiffs. More substantive changes include new allegations regarding Plaintiffs' description of the structure of the Subject Engines emission control devices and systems, as well as descriptions of Plaintiffs' damages. *See* Exhibit A to the October 7, 2016 affirmation of Leah Threatte Bojnowski (please note that Paragraph 15 is labeled as Paragraph 17 in the comparison document). As these changes did not affect the scope of litigation as Cummins has understood it to be, and indeed conceded some of Cummins' arguments about permissible class damages, Cummins has chosen not to challenge these unauthorized revisions.

2

Plaintiffs' revisions to the definition of the "Subject Engines" in paragraph 15 raised grave concerns for Cummins, necessitating this motion.

The Second Amended Complaint dually defined "Subject Engines" and "2010 ISX15" as engines "designed, manufactured, marketed, assembled and sold" by Cummins "intended to comply with the 2010 [EPA Heavy Duty On Highway Emissions Standard]." See Second Amended Complaint, ¶ 16. The 2010 ISX15 engines, the only ones that comply with the 2010 EPA Standards (built and sold between 2009 and 2012) have been the subject of Plaintiffs' Complaints. ISX15 engines that comply with 2013 EPA Standards were not subject of the Plaintiffs former Complaints.

However, the Third Amended Complaint changes the scope of the "Subject Engines" in dispute. The Third Amended Complaint defines the "Subject Engines" as "ISX15" diesel engines that Cummins "designed, manufactured, marketed, assembled and sold" in 2010 and "later model year[s]" explicitly removing the reference to "2010 ISX15." *Compare* Third Amended Complaint, ¶ 15 *with* Second Amended Complaint, ¶ 16. This rewording encompasses a far broader series of Cummins products, a change well beyond the scope of the Court's grant of leave to amend.[2]

### LEGAL STANDARD

Rule 12(f) authorizes courts to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." While a Rule 12(f) motion "is not a vehicle for obtaining the outright dismissal of a complaint. . . [it] is generally useful to eliminate the redundant, impertinent, or immaterial matter therein." *Giles v. Phelan, Hallinan & Schmieg,*

---

[2] It is important to note that Plaintiffs have not alleged any new facts that implicate the performance, or customer experience, of ISX15 engines designed to comply with later EPA regulations.

3

*L.L.P.*, 901 F. Supp. 2d 509, 530 (D.N.J. 2012) (granting motion to strike paragraphs of complaint that were unnecessary, contained irrelevant material, and rendered the pleading "too difficult and confusing for the Court to manage or to give proper notice to Defendants of the contours" of the plaintiff's claims); *citing* Wright & Miller, Federal Practice and Procedure § 1380 at 390-391 (3d ed. 2004).

Though not granted with regularity, "[a] court possesses considerable discretion in disposing of a motion to strike under Rule 12(f)." *Wiseberg v. Toyota Motor Corp.*, No. 11-3776, 2012 U.S. Dist. LEXIS 45849, *37 (D.N.J. March 30, 2012). The purpose of a motion to strike is to save time and expense through the excision of matter from the pleadings that will not affect the outcome of the case. *Bristol-Myers Squibb Co. v. IVAX Corp.*, 77 F. Supp. 2d 606, 619 (D.N.J. 2000).

A finding of prejudice to the moving party, or confusion of the issues at hand, by inclusion of the contested material constitutes grounds for granting a motion to strike. *Dean v. United States*, 2010 U.S. Dist. LEXIS 29576, *5-6, (D.N.J. 2010). *See also, Burke v. Weight Watchers Int'l, Inc.,* 983 F. Supp. 2d 478, 484 (D.N.J. 2013) (finding motion to dismiss moot, but noting that if the motion to dismiss had not succeeded it would have struck allegations in the complaint which it found to be "potentially inflammatory, and confusing and collateral.").

## ARGUMENT

This Court should strike paragraph 15 of the Third Amended Complaint, specifically the words "and later model years" from the definition of "Subject Engines, for several reasons.

First, Plaintiffs' substantial revision of the definition "Subject Engines" in paragraph 15 flagrantly disregards the limited leave to amend given by the Court in its Order, and is thereby impertinent. The Court's June 2016 Order only allowed Plaintiffs' to revise the complaint to "specify the location of the activity alleged" by Young's Transport under the Florida Unfair and

4

Deceptive Trade Practices Act ("FUDTPA") claim. The revised definition of "Subject Engines" has nothing to do with the "location" of activities that are purportedly actionable under the FUDTPA.

Plaintiffs should not be permitted to disregard the Order and the Federal Rules of Civil Procedure. If Plaintiffs want to make additional changes to the scope of this litigation, they must request leave to amend their complaint pursuant to Federal Rule of Civil Procedure 15. *See* Fed. R. Civ. P. 15; *see also Coventry v. U.S. Steel Corp.*, 856 F.2d 514, 518 (3d Cir. 1988) ("The decision to grant or deny leave to amend a complaint is committed to the sound discretion of the district court."). Given that Plaintiffs never sought leave to wholly amend the Complaint and that the Court's June 2016 Order is limited in scope, the Court should strike paragraph 15 of the Third Amended Complaint, or the offending language therein.

Second, the revised definition of "Subject Engines" is vague and confusing, and requires Cummins to speculate on the scope of the engines in dispute. Plaintiffs went from using an clear definition of "Subject Engines" in the Second Amended Complaint to a definition that purportedly applies to 2010 "and later year[s]."

A complaint is supposed to place all defendants on fair notice of plaintiffs' claims and the basis of their claims. *Cf. Nguyen v. Quick Check, Store No. 129*, No. 12-CV-3300, 2013 U.S. Dist. LEXIS 176067, at *9 (D.N.J. Dec. 16, 2013) (stating that "the vague and conclusory nature of Plaintiff's claims" makes it difficult for the Court to conclude that the complaint gave the defendant "adequate notice to frame an answer"). However, the new definition of "Subject Engines" in the Third Amended Complaint is too vague to afford sufficient notice to Cummins of the specific engines in dispute.

5

Third, the revised definition of "Subject Engines" is highly prejudicial to Cummins. Prejudice to another party is one of many reasons courts deny a request for leave to amend a complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (Identifying "undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment" as bases for denying leave to amend a complaint). Indeed, "[p]rejudice to the non-moving party is the *touchstone* for the denial of an amendment, and a finding of unfair or substantial prejudice is sufficient ground for denial. *Grimes v. Corr. Med. Servs.*, No. 08-567, 2011 U.S. Dist. LEXIS 109666, at *17 (D.N.J. Sept. 26, 2011) (internal quotations omitted; emphasis added); *accord Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) ("[S]ubstantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend."). Particularly, courts consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton*, 252 F.3d at 273.

Here, Cummins is substantially prejudiced by Plaintiffs' revised definition of "Subject Engines" because it greatly expands the scope of the engine models subject to this dispute. Cummins already has expended significant time and resources preparing for discovery related to the 2010 ISX15 engine based upon representations from Plaintiffs for over a year that the dispute was focused on that specific family of engines. Cummins' written discovery responses, data gathering and initial productions have comported with the previous definition. If Cummins is now required to defend itself against claims related to engine models designed to comply with later EPA standards, Cummins will be unfairly forced to expend significantly more resources and time preparing to defend against new claim. *See, e.g., Grimes*, 2011 U.S. Dist. LEXIS 109666, at *19 (denying leave to amend because the "Defendants would need to engage in further

6

protracted discovery regarding the new claims . . . ."); *Piserchia v. Bergen Cty. Police Dep't*, No. 12-2520, 2016 U.S. Dist. LEXIS 111382, at *12 (D.N.J. Aug. 22, 2016) (denying leave to amend because the plaintiff's new claim would "place additional expense, delay, and undue burden on Defendants.").

## CONCLUSION

For the foregoing reasons, this Court should strike paragraph 15 of the Third Amended Complaint, specifically the words "and later model years" from the definition of "Subject Engines.

Dated: October 7, 2016

Respectfully submitted,

**CUMMINS, INC.**

By its Attorneys,

/s/ Kurt M. Mullen
Kurt M. Mullen, Esq.
Samuel Goldblatt, Esq. *(pro hac vice)*
W. Scott O'Connell, Esq. *(pro hac vice)*
**NIXON PEABODY LLP**
100 Summer Street
Boston, MA 02110
Telephone: (617) 345-1131
kmullen@nixonpeabody.com
sgoldblatt@nixonpeabody.com
soconnell@nixonpeabody.com


Leah Threatte Bojnowski, Esq. *(pro hac vice)*
**NIXON PEABODY LLP**
437 Madison Avenue
New York, New York 10022
Telephone: (212) 940-3722
lbojnowski@nixonpeabody.com

4811-7087-6473.5740270-000104