Kurt M. Mullen, Esq.
Samuel Goldblatt, Esq. *(pro hac vice)*
W. Scott O'Connell, Esq. *(pro hac vice)*
**NIXON PEABODY LLP**
100 Summer Street
Boston, MA 02110
Telephone: (617) 345-1000

*Attorneys for Defendant Cummins Inc.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| T.J. McDERMOTT TRANSPORTATION CO., INC., DEMASE WAREHOUSE SYSTEMS, INC., HEAVY WEIGHT ENTERPRISES, INC., P&P ENTERPRISES CO., LLC, YOUNG'S AUTO TRANSPORT, INC., HARDWICK ALLEN, AND JOSE VEGA,<br><br>Plaintiffs,<br><br>vs.<br><br>CUMMINS, INC., and PACCAR, INC. d/b/a PETERBILT MOTOR COMPANY AND KENWORTH TRUCK COMPANY,<br><br>Defendants. | : : : : : : : : : : : : : : : : : : : | Civil Action No.<br>2:14-cv-04209 (WHW) (CLW) |

**DECLARATION OF W. SCOTT O'CONNELL IN SUPPORT OF DEFENDANT CUMMINS INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF CUMMINS INC.'S MOTION TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f)**

W. Scott O'Connell, an attorney duly admitted *pro hac vice* to practice before this Court, declares under the penalty of perjury pursuant to section 1746 of the Title 28 of the Unites States Code:

- 1 -

1. I am a partner of the law firm of Nixon Peabody LLP, counsel for Cummins Inc. ("Cummins"). As such, I am fully familiar with the facts of this matter. I submit this Declaration in support of Cummins' Motion to Strike Pursuant to Fed. R. Civ. P. 12(f).

2. On October 31, 2016, the parties conducted a meet and confer relating to Cummins' motion to strike.

3. Cummins takes issue with Plaintiffs' characterization of the parties' discussions and provides its own summary of that conference.

4. During the call, I stated that since inception, this case has been about the 2010 ISX15 engine and no other.

5. I then stated that Cummins learned in its factual investigation of the case that plaintiff Vega did not have the 2010 ISX15 engine but the 2013 ISX15, which is in a different engine family.

6. I indicated that there were no allegations in the complaint that implicate the 2013 ISX15 and for that reason the change in definition without leave to do so was improper.

7. Plaintiffs' counsel asked for the ways in which the engines were different. I described generally that the differences included hardware and software changes. I also indicated that the engine was built to comply with a different EPA emissions standard than the one applicable to the 2010 ISX15.

8. Plaintiffs' counsel pressed me for further details, but I did not have the specific differences in the technologies in front of me at the time of the call.

9. However I made the point that it was Plaintiffs' obligation and burden to make a factual claim for the inclusion of the 2013 ISX15, not Cummins' obligation.

11. To date, Plaintiffs' discovery efforts in this case have not focused on any engine families beyond 2010. Plaintiffs have issued extensive document requests to Cummins. Copies of those requests are attached as Exhibit A.

12. The document requests concerned two types of engine families "2010 ISX15" and "2007 ISX15 Engines." Per Plaintiffs' own definitions, "2010 ISX15 Engines" shall mean the 2010 EPA compliant heavy duty diesel on highway engines as identified in Plaintiffs' Second Amended Class Action Complaint as the 2010 ISX15 Engines. The term "2007 ISX15 Engines" shall mean the 2007 EPA compliant heavy duty diesel on highway engines, including model years 2007, 2008, and 2009.[1]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate to the best of my knowledge. Executed on November 14, 2016.

/s/ W. Scott O'Connell
W. Scott O'Connell

---

[1] In their response to the motion to strike, however, Plaintiffs now contend that, based on the new definition of Subject Engines, they will be seeking discovery related to the 2013 ISX15.