EXHIBIT A

**McELROY DEUTSCH MULVANEY & CARPENTER, LLP**
JAMES M. MULVANEY
1300 Mt. Kemble Ave.
P.O. Box 2075
Morristown, NJ 07962-2017
(973) 993-8100
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| T.J. McDERMOTT TRANSPORTATION CO., INC., et al<br><br>Plaintiffs,<br><br>vs.<br><br>CUMMINS, INC., CUMMINS EMISSION SOLUTIONS, INC., and PACCAR, INC. d/b/a PETERBILT MOTOR COMPANY AND KENWORTH TRUCK COMPANY,<br><br>Defendants. | Civil Action No.: 2:14-cv-04209 (WHW)(CLW) |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO CUMMINS, INC. AND CUMMINS EMISSION SOLUTIONS, INC.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs request that within thirty (30) days of service hereof, Defendants Cummins, Inc., Cummins Emission Solutions, Inc. (together, "Cummins") produce the documents and things requested herein for inspection and copying at the offices of McElroy, Deutsch, Mulvaney & Carpenter, LLP, 1300 Mount Kemble Avenue, Morristown, NJ 07962-2017.

1

## DEFINITIONS

1.    As used herein, "Cummins" shall include Cummins, Inc. and Cummins Emission Solutions, Inc., and all of their subsidiaries, divisions and affiliates and any of their directors, officers, employees, consultants, agents, representatives and attorneys therefore, and/or any other persons or entities purporting to act on behalf of Cummins and/or under any or all of Cummins control.

2.    As used herein, "PACCAR" shall include PACCAR, Inc. and all of its subsidiaries, divisions and affiliates, including but not limited to Peterbilt Motor Company and Kenworth Truck Company, and any of their directors, officers, employees, consultants, agents, representatives and attorneys therefore, and/or any other persons or entities purporting to act on behalf of PACCAR and/or under any or all of PACCAR's control.

3.    "Communication" shall mean any conversation, discussion or meeting, or any written, verbal, electronic or other presentation, disclosure, receipt, transfer, transmittal, or exchange of facts, ideas, information, inquiries, or opinions, however affected.

4.    "Document" shall be construed in its broadest sense and shall include, but not be limited to, any and all tangible things, whether handwritten, printed, typed, or otherwise visually reproduced, electronically recorded or orally recorded, including all originals, drafts, revisions, copies, non-identical copies, and markups of drafts.  The term "document" specifically includes, but is not limited to:  agreements, communications, including intra-company communications, letters, facsimile transmissions, telegrams, telephone bills and records, cables, records, books, summaries or records of personal conversations or interviews, forecasts, statistical statements, accountants' work papers, brochures, pamphlets, circulars, press releases, contracts, telephone messages, slips and logs, diary entries, electronic mail, calendars, reports, evaluations,

assessments, analyses, test results, correspondence, memoranda, notes, videotapes, video cartridges, audio tapes, electronic recordings of any kind, drawings, graphics, graphs, maps, diagrams, charts, photographs, computer diskettes and disks, tables, indices, recordings, tapes, microfilms, minutes or records of meetings, reports of investigations, opinions or reports of consultants, and any other data compilation from which information can be obtained and translated through detection devices into reasonably usable form.

5. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories all responses that might otherwise be construed to be outside of its scope.

6. "Any" shall include and encompass the words "each" and "all."

7. The term "2010 ISX15 Engines" shall mean the 2010 EPA compliant heavy duty diesel on highway engines as identified in Plaintiffs' Second Amended Class Action Complaint as the 2010 ISX15 Engines.

8. The term "2007 ISX15 Engines" shall mean the 2007 EPA compliant heavy duty diesel on highway engines, including model years 2007, 2008, and 2009.

9. "Concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

10. "Emission systems" shall mean the all Emissions related parts and components of the 2010 and/or 2007 ISX15 Engines, including but not limited to the engine gas recirculation components.

11. The phrase "Plaintiff States" shall mean the State in which each Plaintiff is located

12. "You" or "Your" shall mean the party or parties to whom this Request for Production is addressed, including its divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, and all other persons acting or purporting to act on its behalf.

13. Electronic documents shall be produces pursuant to an ESI protocol agreed to by the parties.

## **INSTRUCTIONS**

In connection with this Request for Production, you are to act in accordance with the following instructions:

1. You are to produce the responsive documents within thirty (30) days after service of this Request upon you, responding to each of the Requests set forth below. If you object, a specific objection must be raised with respect to each Request.

2. The documents requested for production include those in your possession, custody, or control, and/or that of your agents, representatives, employees, and attorneys.

3. If you object to the production of any document on the grounds that it is protected by any privilege (work product, attorney client, etc.), you are to provide the following specific information with respect to each document or item to which a privilege is asserted:

    (a) The type of document or item being withheld (memo, letter, etc.);

    (b) The specific privilege being asserted (attorney client, work product, etc.);

    (c) The date upon which that document was prepared;

    (d) The identity of the individual who authored or prepared that document;

    (e) The identity of the person to whom that document was submitted (for example, its addressee, its recipient);

    (f)  The identification of all parties who either received a copy of that memo or who, since the creation of that document, have seen or read the document or item; and

    (g)  Identify the name of the person who has custody of it.

  4.  If a document is no longer in your possession, custody or control, your response should identify the document by name, number, form of description, and by date made, and should state when the document was most recently in your possession, custody or control, the disposition made of the document, and the identity of the person or persons now in possession, custody, or control of such document. If the document has been destroyed, the response should state the reason for its destruction and who directed that the document be destroyed.

  5.  All documents produced shall be identified so that the opposing party will know which documents correspond to a particular request.

  6.  The documents produced pursuant to these requests shall be separately produced for each paragraph of the request; however, a document which serves as a response to more than one request may, if the relevant portion is so marked or indexed, be produced and referred to in a later response as complying with the particular paragraph or paragraphs to which they are responsive.

  7.  Copies, if authenticated, of the original documents may be supplied in response, unless otherwise provided.

  8.  Each request refers to all documents that are either known by Defendant to exist or that can be located or discovered by reasonably diligent effort by Defendant.

9. Please note Defendant is under a continuing duty to seasonally supplement the production with documents obtained subsequent to the preparation and filing of the response to each request.

## DOCUMENTS TO BE PRODUCED

1. Produce copies of all of Cummins' document retention policies in effect from 2007 to the present.

2. Produce a copy of Cummins' organizational charts in effect from 2007 through the present for any department or division of Cummins involved in the design, testing, performance, marketing, sale, or warranty of the 2007 and 2010 ISX15 Engines.

3. Produce all patents or patent applications, prepared, owned, held or licensed by Defendants for any and all components of the emissions systems in the 2007 ISX15 Engines.

4. Produce all patents or patent applications, prepared, owned, held or licensed by Defendants for any and all components of the emissions systems in the 2010 ISX15 Engines.

5. Produce all decision matrixes, comparative analysis, spreadsheets, presentations or memoranda regarding all emissions systems considered for the 2007 ISX15 Engines.

6. Produce all decision matrixes, comparative analysis, spreadsheets, presentations or memoranda regarding the design, location and operation of the Engine Gas Recirculation system and components of the 2007 ISX15.

7. Produce all decision matrixes, comparative analysis, spreadsheets, presentations or memoranda regarding the all emissions systems considered for the 2010 ISX15 Engines.

8. Produce all decision matrixes, comparative analysis, spreadsheets, presentations or memoranda regarding the design, location and operation of the Engine Gas Recirculation system and components of the 2010 ISX15.

9. Produce all engineering drawings of all components of the emissions control system for the 2007 ISX15 Engines.

10. Produce all engineering drawings of all components of the emissions control system for the 2010 ISX15 Engines.

11. Produce all decision matrixes, comparative analysis, spreadsheets, presentations or memoranda regarding all the proposed and actual modifications in the emission system between the 2007 ISX15 Engines and the 2010 ISX15 Engines including but not limited to the location, configuration, and operation of the Engine Gas Recirculation system and related components.

12. Produce all documents that discuss or relate to any investigation or consideration of the soot contamination produced by the design, location and operation of the Engine Gas Recirculation system and components of the 2007 and 2010 ISX15 Engines.

13. Produce all documents discussing and/or explaining Cummins' testing and/or validation criteria for the emission system of the 2007 ISX15 Engines.

14. Produce all documents discussing and/or explaining Cummins' testing and/or validation criteria for the emission system of the 2010 ISX15 Engines.

15. Produce all testing data, analyses, presentations, or memoranda regarding all pre-production testing and validation of the 2007 ISX15 Engines.

16. Produce all testing data, analyses, presentations, or memoranda regarding all pre-production testing and validation of the 2010 ISX15 Engines.

17. Produce all documents discussing and/or explaining any design or production modifications, including but not limited to any modifications related to any pre-production testing and validation of the 2007 ISX15 Engines.

7

18. Produce all documents discussing and/or explaining any design or production modifications, including but not limited to any modifications related to any pre-production testing and validation of the 2010 ISX15 Engines.

19. Produce all documents discussing or relating to soot contained and/or passed through the engine gas recirculation systems.

20. Produce all documents discussing or relating to the amount of soot contributed to the engine exhaust by the engine gas recirculation systems and the effects of soot contribution on the engine and all other systems.

21. Produce all marketing and/or promotional documents for the 2007 ISX15 Engines, including but not limited to (a) all published advertising, (b) sales presentations, (c) training and guidelines provided to any dealer or sales representative.

22. Produce all marketing and/or promotional documents for the 2010 ISX15 Engines, including but not limited to (a) all published advertising, (b) sales presentations, (c) training and guidelines provided to any dealer or sales representative.

23. Produce all training or instruction documents provided to dealers and/or authorized repair facilities relating or regarding the emission system of the 2007 ISX15 Engines.

24. Produce all training or instruction documents provided to dealers and/or authorized repair facilities relating or regarding the emission system of the 2010 ISX15 Engines.

25. Produce all communications between you and the EPA relating, referring, or concerning the emission system of the 2007 ISX15 Engines, including but not limited to (a) all applications for EPA certification, (b) auxiliary emission control device strategies, (c) Emission Defect Information Reports, and (d) running changes.

26. Produce all communications between you and the EPA relating, referring, or concerning the emission system of the 2010 ISX15 Engines, including but not limited to (a) all applications for EPA certification, (b) auxiliary emission control device strategies, (c) Emission Defect Information Reports, and (d) running changes.

27. Produce all complaints concerning or relating to operation of the 2007 ISX15 Engines specifically including, but not limited to installers, retailers and end users, as well as any communication, analysis, or memoranda concerning such complaints and any response to the complainant.

28. Produce all complaints concerning or relating to the operation of the 2010 ISX15 Engines specifically including, but not limited to installers, retailers and end users, as well as any communication, analysis, or memoranda concerning such complaints and any response to the complainant.

29. Produce any and all documents referring or relating to any failure evaluation and/or any similar type of analysis of the 2007 ISX15 Engines.

30. Produce any and all documents referring or relating to any failure evaluation and/or any similar type of analysis of the 2010 ISX15 Engines.

31. Produce all technical service bulletins or other correspondence or written instructions which Cummins has issued to its dealers or service personnel for the 2007 ISX15 Engines.

32. Produce all technical service bulletins or other correspondence or written instructions which Cummins has issued to its dealers or service personnel for the 2010 ISX15 Engines.

33. Produce all communications between you and the PACCAR relating, referring, or concerning soot accumulation or contamination of the 2007 ISX15 Engines, including but not limited to (a) design or modification of the emission system, (b) testing and/or validation of the emission system, (c) performance of the emission system.

34. Produce all communications between you and the PACCAR relating, referring, or concerning soot accumulation or contamination of the 2010 ISX15 Engines, including but not limited to (a) design or modification of the emission system, (b) testing and/or validation of the emission system, (c) performance of the emission system.

35. Produce all documents concerning the Cummins Warranty claims, including, but not limited to, the method or manner by which authorized repair facilities are to submit claims for warranty payment to Cummins, all forms upon which claims for warranty payment are to be submitted, all computer application for the submission for warranty repair payments.

36. Produce all documents showing indicating warranty claims concerning or related to the 2010 ISX15 Engines, including but not limited to (a) all data transmitted to Cummins as part of the warranty claim, (b) any analysis or investigation of individual warranty claims, (c) any analysis or investigation of types of warranty claims.

37. Produce all warranty claims on 2010 ISX15 Engines owned by the named Plaintiffs, including but not limited to all warranty repair orders, work performed under warranty, and all sums paid for warranty repair records of warranty claims submitted.

38. Produce all Owners and Maintenance Manuals for the 2010 ISX Engines.

39. Produce all Parts Manuals for the 2010 ISX Engines.

40. Produce all Trouble Shooting Guides, or other documents referring or relating to all electronic control manuals codes for the 2010 ISX Engines.

41. Produce all extended warranty forms warranting the 2010 ISX Engines.

42. Produce all warranty and extended warranties applicable to the named Plaintiffs.

43. Produce all documents referring or relating to any communication with the named Plaintiffs and/or inspection of their Engines or vehicles.

44. Produce all documents referring or relating to any purchase by the named Plaintiffs of any vehicles powered by a Cummins engine, including but not limited to any specifications requested.

45. Produce documents showing total sales volume of the 2010 ISX Engines for any year in which they were sold.

_____
BY:   JAMES M. MULVANEY
      McElroy, Deutsch, Mulvaney & Carpenter, LLP
      1300 MOUNT KEMBLE AVENUE
      P.O. BOX 2075
      MORRISTOWN, NJ  07962-2017
      Tel: 973-993-8100
      Fax: 973-425-0161
      jmulvaney@mdmc-law.com

      James E. Cecchi
      Lindsey H. Taylor
      CARELLA, BYRNE, CECCHI,
      OLSTEIN, BRODY & AGNELLO, P.C.
      5 Becker Farm Road
      Roseland, NJ 07068
      Telephone:  973-994-1700

      Richard J. Burke
      Jamie Weiss
      QUANTUM LEGAL LLC
      513 Central Avenue, Suite 300
      Highland Park, IL 60035
      Telephone:  847-433-4500

11

James C. Shah
475 White Horse Pike
Collingswood, NJ 08107
Telephone: 856-858-1770
Facsimile: 856-858-7012

Jonathan Shub
KOHN SWIFT & GRAF, P.C.
One South Broad St. Suite 2100
Philadelphia, PA 19017
Telephone:  215 238 1700

Theodore J. Leopold
COHEN MILSTEIN
SELLERS & TOLL PLLC
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone:  561-515-1400