**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| T.J. McDERMOTT TRANSPORTATION CO., INC., DeMASE WAREHOUSE SYSTEMS, INC., HEAVY WEIGHT ENTERPRISES, INC., P&P ENTERPRISES CO., LLC, YOUNG'S AUTO TRANSPORT, INC., ALLEN HARDWICK, and JOSE VEGA,<br><br>     Plaintiffs,<br><br>v.<br><br>CUMMINS, INC., CUMMINS EMISSION SYSTEMS, INC., and PACCAR, INC. d/b/a PETERBILT MOTOR COMPANY,<br><br>     Defendants. | **OPINION AND ORDER**<br><br>Civ. No. 14-4209 (WHW) (CLW) |

**Walls, Senior District Judge**

In this putative class action, Plaintiffs allege that they purchased heavy duty trucks manufactured by Defendant PACCAR, and equipped with ISX15 diesel engines produced by Defendant Cummins. Cummins ISX15 engines were manufactured to comply with the 2010 EPA Heavy Duty On Highway Emission Standards ("2010 Standard"). Plaintiffs seek to represent members of classes and sub-classes based on claims for breach of express warranty and consumer fraud laws in various states. A full factual background is detailed in the Court's June 7, 2016 opinion granting in part and denying in part Defendants' motion to dismiss, ECF No. 96. Pursuant to that opinion and order, Plaintiffs were granted leave by the Court to amend their complaint to specify the location of the activity alleged in Count Six of the Second Amended Complaint. Following that order, Plaintiffs filed the Third Amended Complaint which corrected the deficiencies with Count Six and revised the definition of the "Subject Engines" to include

**NOT FOR PUBLICATION**

both the 2010 ISX15 engine named in the Second Amended Complaint, and "later model years." Defendants now move to strike paragraph 15 of the Third Amended Complaint, specifically the words "and later model years" from the definition of "Subject Engines." Decided without oral argument under Fed. R. Civ. Pr. 78, Defendants' motion is granted.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may do so "on its own" or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(1)-(2).

Under Federal Rule of Civil Procedure 15(a), once a response to a party's pleading is served, that pleading may be amended only by leave of court or by written consent of the adverse party. Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A general presumption exists in favor of allowing a party to amend its pleadings. *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984). Leave to amend a complaint should be granted freely in the absence of undue delay or bad faith on the part of the movant as long as the amendment would not be futile and the opposing party would not suffer undue prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jang v. Boston Scientific Scimed, Inc.*, 729 F.3d 357, 367 (3d Cir. 2013) (citation omitted). "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Travelers Indem. Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 243 (3d Cir. 2010) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997)) (further citation omitted).

**NOT FOR PUBLICATION**

"[A] refusal of a motion for leave to amend must be justified," *Riley v. Taylor*, 62 F.3d 86, 90 (3d Cir. 1995), and the Third Circuit has identified the following as permissible justifications: "(1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment," *id.* (citing *Foman*, 371 U.S. at 182). "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988). For that reason, the Court applies the "plausibility" standard which applies to motions to dismiss under Rule 12(b)(6), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

Plaintiffs argue that under this Court's June 7, 2016 Order, they were entitled to amend the complaint as they did because the Court's Order did not expressly limit the manner in which Plaintiffs could amend the complaint nor prohibit any additional refinements or amendments of the pleadings in addition to those specified by the Court. This is incorrect. The law permits plaintiffs to amend a complaint at this stage in the proceedings only with explicit leave of the court. Fed. R. Civ. P. (15). A limited grant of leave to amend does not entitle Plaintiffs to amend the complaint outside the scope of that leave. *See U.F.C.W. Local 56 Health & Welfare Fund v. J.D.'s Market*, 240 F.R.D. 149, 154 (D.N.J. 2007) (finding that a plaintiff's amended complaint impermissibly went beyond the scope of the leave to amend granted by the court).

Plaintiffs further argue that the scheduling order permits amendments to the complaint through March of 2017. While this is correct, under Fed. R. Civ. P. 15(a), any amendments made

**NOT FOR PUBLICATION**

pursuant to the scheduling order must still be made with consent of the opposing parties or with leave of the Court.

Plaintiffs are incorrect that a motion to strike under Fed. R. Civ. P. 12(f) is the improper remedy in this situation. Where an amendment has been made impermissibly without leave of the court, Rule 12(f) is the correct instrument with which to correct the complaint. "To hold otherwise would be to essentially ignore Fed. R. Civ. P. 15(a) and the requirement that a plaintiff seek leave before amending its complaint." *U.F.C.W. Local 56*, 240 F.R.D. 149 at 154.

In the alternative, Plaintiffs argue that the inclusion of "and later model years" in the Third Amended Complaint was not an amendment but a clarification of information already present in the Second Amended Complaint. The Second Amended Complaint included the claims of Plaintiff Vega, who's ISX15 engine was built after 2012. Consequently, Plaintiffs contend that the reference to "and later model years" in the Third Amended Complaint was merely an expansion on information already present in the Second Amended Complaint. This argument is not persuasive. The Second Amended Complaint does not mention on its face that Plaintiff Vega purchased an engine built after 2012. The information provided in the Second Amended Complaint was not sufficient to put Defendants on notice that engines other than those built between 2009 and 2012 were part of Plaintiffs' claims. To find otherwise would be an impermissible work around of the protections provided by Fed. R. Civ. P. 15(a).

### CONCLUSION AND ORDER

Plaintiffs exceeded the scope of this Court's June 7, 2016 grant of a leave to amend when they added "and later model years" to the Third Amended Complaint. Pursuant to Fed. R. Civ. P.

4

**NOT FOR PUBLICATION**

15(a) and Fed. R. Civ. P. 12(f), Defendants' motion to strike paragraph 15 of the Third Amended Complaint is granted.

Date: 17 January 2017

　　　　　　　　　　　　　　　　　　　　　　　Hon. William H. Walls
　　　　　　　　　　　　　　　　　　　　　　　United States Senior District Judge