Kurt M. Mullen, Esq.
Samuel Goldblatt, Esq. *(pro hac vice)*
W. Scott O'Connell, Esq. *(pro hac vice)*
**NIXON PEABODY LLP**
100 Summer Street
Boston, MA 02110
Telephone: (617) 345-1000


J. A. "Jay" Felton *(pro hac vice)*
Kevin M. Kuhlman *(pro hac vice)*
**Lathrop & Gage LLP**
2345 Grand Boulevard, Suite 2800
Kansas City, MO 64108
Telephone: (816) 292-2000

*Attorneys for Defendant Cummins Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| T.J. McDERMOTT TRANSPORTATION CO., INC., DEMASE WAREHOUSE SYSTEMS, INC., HEAVY WEIGHT ENTERPRISES, INC., P&P ENTERPRISES CO., LLC, YOUNG'S AUTO TRANSPORT, INC., HARDWICK ALLEN, AND JOSE VEGA, | : : : : : : | |
| Plaintiffs, | : : | Civil Action No.: 2:14-cv-04209 (WHW)(CLW) |
| vs. | : : | |
| CUMMINS, INC., and PACCAR, INC. d/b/a PETERBILT MOTOR COMPANY AND KENWORTH TRUCK COMPANY, | : : : | **DEFENDANT CUMMINS INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS** |
| Defendants. | : : : : | **COUNTS 3-9 OF THE THIRD AMENDED COMPLAINT** |

4852-4911-7516.2

Defendant Cummins Inc. ("Cummins") gives notice of the following supplemental authority in support of its Motion to Dismiss Counts 3-9 of the Third Amended Complaint (Doc. 130).

On June 19, 2017, the United States Supreme Court issued its decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017).  (A copy of the Supreme Court's decision is attached hereto as Exhibit 1.)  In *Bristol-Myers*, a group of plaintiffs – 86 California residents and 592 residents from 33 other states – filed eight separate lawsuits in California state court against Bristol-Myers Squibb ("BMS").  Plaintiffs claimed that Plavix, a prescription drug manufactured and sold by BMS, damaged their health.  All plaintiffs – both resident and nonresident – asserted claims under California law, but the nonresident plaintiffs did not allege they obtained Plavix in California, that they were injured in California by Plavix or that they were treated in California.  *Id.* at 1778.  Accordingly, BMS asserted lack of personal jurisdiction against the nonresident plaintiffs.

Following the United States Supreme Court decision in *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014), the California Court of Appeals found that general jurisdiction was lacking but concluded that California had specific jurisdiction over the nonresidents' claims.  *Bristol-Myers,* 137 S. Ct. at 1778.  The California Supreme Court affirmed.  *Id.*  But the United States Supreme Court reversed, holding that due process did not permit the exercise of specific personal jurisdiction in California over nonresident consumers' claims.  It affirmed that "[f]or a court to exercise specific jurisdiction over a claim there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'"  *Id.* at 1776 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S.Ct. 2846 (2011)).  "When no such connection exists, specific jurisdiction is lacking

regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers,* 137 S.Ct. at 1776.

Cummins has moved to dismiss Counts 3-9 of the Third Amended Complaint because Plaintiffs have not alleged any facts suggesting that Cummins is subject to jurisdiction in New Jersey regarding those claims. (Doc. 130.) This Court does not have general jurisdiction over Cummins, which is an Indiana corporation with its principal place of business in Indiana. (Doc. 130-1 at 7.) In *Bristol-Myers*, the United States Supreme Court has reaffirmed that specific jurisdiction requires a connection between the forum and the specific claims at issue.

Cummins respectfully requests that the Court consider *Bristol-Myers* when deciding Cummins' Motion to Dismiss Counts 3-9.

Respectfully submitted,

/s/ Kurt M. Mullen
Kurt M. Mullen, Esq.
Samuel Goldblatt, Esq. *(pro hac vice)*
W. Scott O'Connell, Esq. *(pro hac vice)*
**NIXON PEABODY LLP**
100 Summer Street
Boston, MA 02110
Telephone: (617) 345-1000
kmullen@nixonpeabody.com
sgoldblatt@nixonpeabody.com
soconnell@nixonpeabody.com


J. A. "Jay" Felton (*pro hac vice*)
Kevin M. Kuhlman (*pro hac vice*)
**Lathrop & Gage LLP**
2345 Grand Boulevard, Suite 2800
Kansas City, MO 64108
Telephone: (816) 292-2000

*Counsel for Defendant Cummins Inc.*

Dated:  August 10, 2017

## CERTIFICATE OF SERVICE

I, Kurt M. Mullen, of full age, state that on August 10, 2017, I caused a copy of

Defendant Cummins Inc.'s Notice of Supplemental Authority in Support of Its Motion to

Dismiss Counts 3-9 of the Third Amended Complaint to be served via the ECF system upon the

following:

James E. Cecchi, Esq.
Lyndsey H. Taylor, Esq.
Carella Byrne Cecchi Olstein Brody & Agnello, P.C.
5 Becker Farm Road
Roseland, NJ 07068

James M. Mulvaney, Esq.
Ryan P. Mulvaney, Esq.
Jennifer M. Jones, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962

James C. Shah, Esq.
Natalie Finkelman Bennett, Esq.
Shepherd, Finkelman, Miller & Shah, LLP
475 White Horse Pike
Collingswood, NJ 08107

Eileen T. Burns, Esq.
Jonathan Shub, Esq.
Kohn Swift & Graf, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107

Jamie E. Weiss, Esq.
Richard J. Burke, Esq.
Quantum Legal, LLC
513 Central Avenue, Suite 300
Highland Park, IL 60035

Theodore J. Leopold, Esq.
Cohen Milstein Sellers & Toll PLLC
2925 PGA Boulevard, Sute 200
Palm Beach Garden, FL 33410
*Attorneys for Plaintiffs T. J. McDermott Transportation Co., Inc.,*
*DeMase Warehouse Systems, Inc., Heavy Weight Enterprises, Inc.,*
*P&P Enterprises Co., LLC, Young's Auto Transport, Inc.,*
*Hardwick Allen, and Jose Vega*

Anthony M. Pisciotti, Esq.
Danny Charles Lallis, Esq.
Pisciotti Malsch & Buckley PC
30 Columbia Turnpike
Suite 205
Florham Park, NJ 07932
*Attorneys for PACCAR, Inc. and Kenworth Truck Company*


/s/ Kurt M. Mullen
Kurt M. Mullen, Esq.