UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| T.J. McDERMOTT TRANSPORTATION CO., INC., DEMASE WAREHOUSE SYSTEMS, INC., HEAVY WEIGHT ENTERPRISES, INC., P&P ENTERPRISES CO., LLC, YOUNG'S AUTO TRANSPORT, INC., HARDWICK ALLEN, AND JOSE VEGA, <br><br> Plaintiffs, <br><br> v. <br><br> CUMMINS, INC., AND PACCAR, INC. d/b/a PETERBILT MOTOR COMPANY AND KENWORTH TRUCK COMPANY, <br><br> Defendants. | OPINION <br><br> Civ. No. 14-04209 (WHW)(CLW) |

**Walls, Senior District Judge**

**FACTUAL AND PROCEDURAL HISTORY**

In this putative class action, Plaintiffs allege that Cummins, Inc. ("Cummins") and PACCAR, Inc. ("PACCAR") (collectively, "Defendants") manufactured and sold PACCAR tractor-trailer trucks equipped with faulty Cummins engines. Plaintiffs seek to represent members of classes and sub-classes in six states, including New Jersey, asserting claims under state consumer-fraud laws and for breach of express warranty. A full factual background is detailed in the Court's June 7, 2016 opinion granting in part and denying in part PACCAR's motion to dismiss for failure to state a claim. ECF No. 96.

The following facts are relevant to this motion. New Jersey-based Plaintiff T.J. McDermott Transportation Co. ("T.J. McDermott") filed a single-plaintiff amended complaint on July 2, 2014, invoking the Court's diversity jurisdiction and alleging that tractors it purchased

1

from Defendants were equipped with defective engines. ECF No. 17. Defendants filed a motion to dismiss that complaint, which the Court partially granted and partially denied on March 11, 2014. ECF Nos. 37, 38. A Second Amended Complaint ("SAC"), filed on January 8, 2016, added plaintiffs DeMase Warehouse Systems; Heavy Weight Enterprises, Inc.; P&P Enterprises Co.; Young's Auto Transport, Inc.; Allen Hardwick; and Jose Vega. ECF No. 72. Cummins filed an answer on February 5, 2016, ECF No. 76, and on the same day PACCAR moved to partially dismiss the SAC. ECF No. 77. On June 7, 2016, the Court granted in part and denied in part PACCAR's motion, and granted Plaintiffs leave to further amend their complaint to specify the location of the activity alleged in Count Six of the SAC. ECF No. 96. Plaintiffs did so in a September 6, 2016 Third Amended Complaint ("TAC"), correcting the deficiencies in Count Six and revising the definition of the "Subject Engines" to include both the 2010 ISX15 engine named in the SAC, and "later model years." ECF No. 104. Cummins responded to the TAC on October 7, 2016 with a motion to strike the portion of the TAC adding the language "later model years" under Rule 12(f). ECF No. 114. The Court granted Cummins's motion on January 17, 2017. ECF No. 127.

Cummins now moves under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) to dismiss Counts Three through Nine of the TAC, asserted by out-of-state plaintiffs. ECF No. 130. Generally, Cummins asserts that (i) it is not subject to personal jurisdiction in New Jersey regarding these claims; and (ii) Counts Three and Four, asserted by plaintiff Jose Vega, must be dismissed because Vega did not purchase a tractor equipped with a Subject Engine. *Id.* In opposition, Plaintiffs (i) claim that Cummins's Rule 12(b)(2) motion should be denied because Cummins has waived its personal-jurisdiction defense; and (ii) state their intention to dismiss Plaintiff Vega's claims without prejudice. ECF No. 140. Given Plaintiffs' stated intention to

dismiss Vega's claims, the Court addresses only Cummins's 12(b)(2) motion. Decided without oral argument under Federal Rule of Civil Procedure 78, Cummins's motion is denied.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(2) a court may dismiss an action for lack of personal jurisdiction. A court may exercise personal jurisdiction over non-resident defendants as provided by the long-arm jurisdiction statute of the state where the court sits. *See O'Conner v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007). New Jersey's long-arm statute permits jurisdiction over a non-resident defendant to the extent permitted by the Constitution's Due Process Clause. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992).

A Rule 12(b)(2) defense can be waived. Rule 12(g) requires that, "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a [Rule 12 motion] must not make another [Rule 12 motion] raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g). Rule 12(g) "contemplates the presentation of an omnibus pre-answer motion in which defendant advances every available Rule 12 defense and objection he may have that is assertable by motion." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Civil Procedure § 1384 (3d ed.) (hereinafter "Wright & Miller"). It follows that a personal-jurisdiction defense is waived if not included in a preliminary Rule 12 motion or, if no such motion is made, the defense is not included in the defendant's responsive pleading. *See* Fed. R. Civ. P. 12(h)(1).

One "significant qualification" to the waiver rule, however, is that "a party is only required to consolidate Rule 12 defenses and objections that are 'then available to the party,'" and thus "is not precluded from making a second motion based on a defense that he or she did not have reasonable notice of at the time that party first filed a motion to dismiss or on a defense

that became available only after a motion had been made under Rule 12." Wright & Miller § 1388 (quoting Notes of Advisory Committee on Rules, 1946 Amendment); *see also Jewett v. IDT Corp.*, 2008 WL 508486 at *2 (D.N.J. Feb. 20, 2008) (noting Rule 12(g) "does not preclude the filing of a second motion pursuant to Rule 12 where the defense or objection was not available at the time of the filing of the initial motion").

## DISCUSSION

### 1. The Parties' Arguments.

Cummins first argues that it is not subject to general jurisdiction in New Jersey because it neither is incorporated nor has its principal place of business in the state, and thus is not at "home" in this district. ECF No. 130 at 7. It next contends that specific jurisdiction is also lacking, because Counts Three through Nine of the TAC contain no "allegations suggesting that any of the nonresident plaintiffs' claims have anything to do with Cummins's conduct in New Jersey." *Id.* at 8. According to Cummins, those causes of action do not "arise[] from [Cummins's] forum related activities," because "none of the Plaintiffs claim to have purchased their trucks in New Jersey, or allege any conduct on the part of Cummins in New Jersey," *id.* at 1, and Plaintiffs have thus failed to allege sufficient "minimum contacts with the state" to establish specific jurisdiction over Cummins. *N. Penn. Gas Co. v. Corning Nat. Gas Corp.*, 897 F.2d 687, 690 (3d Cir. 1990).

Plaintiffs respond not by disputing the substance of Cummins's personal-jurisdiction argument, but instead by claiming that Cummins has missed its opportunity. Plaintiffs contend that by first filing a Rule 12(f) motion to strike portions of the TAC, Cummins waived its personal-jurisdiction defense under Rule 12(g), which "mandates that parties consolidate all their pre-answer motions and file them together." *SEC v. Lucent*, 2006 WL 2168789, at *5 (D.N.J.

June 20, 2006); *see* Fed. R. Civ. P. 12(g) ("Except as provided in Rule 12(h)(2) or (3), a party that makes a [Rule 12 motion] must not make another [Rule 12 motion] raising a defense or objection that was available to the party but omitted from its earlier motion."). Plaintiffs point out that Cummins's personal-jurisdiction defense first arose after Plaintiffs filed their SAC, which introduced the out-of-state plaintiffs' claims. ECF No. 140 at 3. Cummins answered the SAC by, among other things, denying that personal jurisdiction existed. ECF No. 76 at ¶ 13. Cummins did not, however, deny the same personal-jurisdiction allegation in the TAC. Instead, it chose to move under Rule 12(f) to strike certain language added by Plaintiffs. ECF No. 114. It follows, according to Plaintiffs, that "Cummins has waived personal jurisdiction by not having made the claim in its first Rule 12 motion." ECF No. 140 at 4. Plaintiffs further argue that Cummins has waived its personal-jurisdiction defense through its "extensive participation" in this case, including its production of "thousands of pages of documents in response to Plaintiffs' document demands." *Id.* at 7.

In reply, Cummins argues for the first time that information it learned in discovery revealed—or at least confirmed—that it had a viable personal-jurisdiction defense. *See* ECF No. 141. Cummins argues that it did not have sufficient information to support its personal-jurisdiction defense at the time the SAC and TAC were filed because they "did not articulate where the out-of-state plaintiffs purchased their engines, and the out-of-state plaintiffs likewise had not produced the sales records associated with the transactions that were referenced in their SAC." *Id.* at 1–2. Without information regarding where the out-of-state plaintiffs purchased their engines, Cummins claims its personal-jurisdiction defense was not yet available. Instead, Cummins contends that it "raised its jurisdictional defense when it had reasonable notice of the defense and sufficient information to prevail," which occurred after Plaintiffs "finally started

producing the documents referenced" in their SAC and TAC. *Id.* at 2. According to Cummins, because it "was not privy to point of sale information for the engines in this case," it was "reliant on discovery to ascertain where the plaintiffs purchased their vehicles," and those documents "showed that the transactions did not occur in New Jersey and that the out-of-state claims have no connection to New Jersey whatsoever." *Id.* at 2–3.

Cummins also argues that its participation in this case does not support a finding of waiver, which occurs where a party "actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum." *In re Asbestos Prods. Liab. Litig.*, 661 Fed. Appx. 173, 177 (3d Cir. 2016). It notes various delays in obtaining discovery from Plaintiffs, and claims that such discovery allowed it to make the motion to dismiss at issue here. Cummins further contends that its participation in discovery and case management "falls far short of the 'actively litigating on the merits' sufficient to imply a waiver," observing that Cummins has not deposed any of the out-of-state plaintiffs or made any motion for summary judgment on their claims, and that not all plaintiffs have even responded to Cummins's discovery requests. ECF No. 141 at 6.

### 2. Analysis.

It is clear from Rule 12(g) and the pleadings that, if Cummins's Rule 12(b)(2) defense was "available" at the time of Cummins's earlier motion to strike, it cannot be asserted now. Rule 12(g) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g). After Plaintiffs' most recent pleading (the TAC), Cummins chose to respond with a Rule 12(f) motion to strike. A Rule 12(f) motion to strike is plainly "a motion under [Rule 12]" that triggers waiver under Rule 12(g), and none of Rule

12(h)'s exceptions to the waiver rule apply here. *See Lucent*, 2006 WL 2168789, at *5 (noting that Rule 12(g) "mandates that parties consolidate all their pre-answer motions and file them together"). It follows that if Cummins's personal-jurisdiction argument was "available" when Cummins made its motion to strike, it has been waived.

The Court finds that Cummins's personal-jurisdiction defense was "available" when it made its Rule 12(f) motion, and is now waived. Cummins cites various authorities for the proposition that a defendant may assert a Rule 12 defense in response to amended pleadings containing new matter giving rise to a Rule 12 defense that was not previously available. *See* ECF No. 141 at 4. But those citations miss the point: this is Cummins's second Rule 12 motion in response to Plaintiffs' TAC, which is plainly disallowed under Rule 12(g). Instead, Cummins claims that new information obtained via discovery is, for waiver purposes, the same as new information alleged in an amended pleading.

Cummins's discovery-based argument, appearing for the first time in its reply brief, rings hollow in light of its opening-brief personal-jurisdiction argument that dismissal is proper because the TAC contains no "allegations suggesting that any of the nonresident plaintiffs' claims have anything to do with Cummins's conduct in New Jersey." ECF No. 130 at 8. That contention relies on the bareness of the pleadings, not on any facts learned or documents obtained in discovery. The fact that Cummins's opening-brief arguments rely only on pleading inadequacies demonstrates that its personal-jurisdiction defense was "available" at the time of its Rule 12(f) motion—Cummins could have filed the exact same opening brief without ever obtaining a single document in discovery. Moreover, even after claiming in reply that its personal-jurisdiction defense is based on additional information obtained in discovery, Cummins's motion still relies on the bareness of Plaintiffs' pleadings—neither Cummins's

opening brief nor its reply proffers any evidence in the form of declarations or exhibits showing where the out-of-state plaintiffs purchased their Cummins engines.

Cummins relies on *Ambriz v. Coca-Cola Co.*, 2014 WL 296159 (N.D. Ca. Jan. 27, 2014), a putative class action involving alleged labor law violations, to argue that information obtained in discovery can revive a party's ability to raise previously unasserted Rule 12 defenses. There, Coca-Cola moved to dismiss Ambriz's complaint for improper venue under Rule 12(b)(3), and Ambriz argued in opposition that Coca-Cola had waived its Rule 12(b)(3) defense by first moving to dismiss under Rule 12(b)(6). *Id.* at *2. Coca-Cola responded that its improper-venue defense was not "available" when it made its Rule 12(b)(6) motion because (i) the complaint was silent regarding Ambriz's residence and location of employment with Coca-Cola; and (ii) Coca-Cola did not learn Ambriz's residence or location of employment until after Coca-Cola made its first motion to dismiss. Coca-Cola eventually learned the pertinent information from plaintiff's counsel, which it confirmed by checking its internal employment records. *Id.* at *1. Finding that Ambriz's "omissions about these central venue facts, rather than any lack of diligence on the part of Coca Cola, were the genesis of Coca-Cola's need to file successive motions to dismiss," the court declined to find that Coca-Cola had waived its improper-venue defense. *Id.* at *2.

*Ambriz* does not aid Cummins for a number of reasons. First, unlike Cummins, the defendant in *Ambriz* supported its contention that its Rule 12(b)(3) defense was not previously "available" with supporting evidence in the form of declarations. *Id.* at *1. And it did so in its opening brief, not in reply. *See* ECF No. 22, 13-cv-03539 (N.D. Ca. 2013). Second, *Ambriz*'s sole citation in denying the plaintiff's waiver argument is to *Glater v. Eli Lilly & Co.*, 712 F.2d 735 (1st Cir. 1983). In *Glater*, the plaintiff alleged in her complaint that she was a New Hampshire resident. When Eli Lilly learned in discovery that Glater was, in fact, a resident of

8

Massachusetts, it moved to dismiss for lack of personal jurisdiction. Glater responded by arguing that because Eli Lilly had failed to raise the defense in its answer, it was waived under Rule 12(g). *Id.* at 738. Finding that "the defense was not originally available to Eli Lilly because Glater's complaint did not put it on notice that her New Hampshire domicile was at least questionable," the court held that Eli Lilly "could not waive a defense involving facts of which it was not, and could not have been expected to have been, aware." *Id.* Citing *Glater*, the court in *Ambriz* stated that it is "unwilling to find waiver where both the original and amended complaints failed to put Defendant on notice of Ambriz's true residence and work history." *Ambriz*, 2014 WL 296159 at *2.

The *Glater* outcome was driven by the fact that the complaint misled the defendant into believing that there was personal jurisdiction based on facts that turned out to be untrue. In other words, it was not the absence or vagueness of jurisdiction-related allegations in the complaint that led the *Glater* court to refuse to find waiver, it was the presence of incorrect factual allegations that the defendant could not know to be false. *See Hartling v. Woodloch Pines, Inc.*, 1998 WL 575138 (S.D.N.Y. Sept. 8, 1998) (noting that "[t]he exception in *Glater* came in response to facts far different from those here" because "the complaint affirmatively misled the defendants into believing that there was personal jurisdiction premised upon facts that turned out to be untrue," while in *Hartling*, "by contrast, the complaint did not allege facts that were untrue that misled defendants into believing that there were no grounds for an objection to personal jurisdiction or improper venue").

That is not the case here, because the TAC put Cummins on notice of its personal-jurisdiction defense. The TAC's jurisdictional statement contains vague, boilerplate statements about Cummins's business ties to New Jersey and, as Cummins points out in its opening brief, it

9

contains "no allegations suggesting that any of the nonresident plaintiffs' claims have anything to do with Cummins' conduct in New Jersey." ECF No. 130 at 8. Plaintiffs' personal-jurisdiction allegations were sufficient to put Cummins on notice of its defense, a conclusion that is only reinforced by the fact that Cummins's opening-brief arguments in support of dismissal relied exclusively on the bareness of the pleadings. Because Cummins made a Rule 12(f) motion to strike after Plaintiffs filed the TAC, and because its personal-jurisdiction defense was "available" at that time, it has waived its personal-jurisdiction defense under Rule 12(g), and the Court need not consider Plaintiffs' other waiver arguments.

## CONCLUSION

Defendant's Rule 12(b)(2) motion to dismiss is denied. An appropriate order follows.

DATE: 9 May 2018

William H. Walls
Senior United States District Court Judge